## RUFUS PARISH *vs.* WALTER HARRIMAN.

Where a sheriff, in his return of an extent of an execution upon land, returned " that the debtor, having gone to parts unknown, so that since judgment he could " not be found, or notified, and no person appearing to represent him, I chose " on his behalf an appraiser, *A, B.*" &c. The extent was held to be sufficient to pass the estate.

This was a writ of entry tried here, upon the general issue, at May term, 1825. The demandant claimed to hold the land by virtue of an extent of an execution upon the demanded premises, and showed, in evidence, a judgment in his own favor against *David Burnham*, rendered in the common pleas, in Strafford county, January term, 1820, an execution issued upon the judgment, and an extent of the execution upon the land, as the estate of *Burnham.* The sheriff, in his return of the extent, stated that " *David Burnham,* " the debtor, having gone to parts unknown, so that since " judgment he could not be found, or notified, and no person " appearing to represent him, I chose, in his behalf, *A. B.* " an appraiser." It was objected, that nothing passed by the extent, because it did not appear, by the sheriff's return, that the debtor had an opportunity to choose an appraiser ; and a verdict was taken for the demandant, subject to the opinion of the court upon said exception.

*Woodbury,* for the demandant.

*Bartlett,* for the tenant.

Parish
*vs.*
Harriman.

*By the court.* The statute, entitled " an act subjecting " lands, and tenements, to the payment of debts, and direct- " ing the mode of levying executions on real and personal es- " tate," enacts, " that the creditor shall deliver his execu- " tion to the sheriff, &c. who shall cause three appraisers " to be chosen, one by the creditor or creditors, another by " the debtor or debtors, if he or they so please, and the third " by the sheriff. And in all cases where the debtor shall, " on due notice, neglect or refuse to choose an appraiser, " the officer shall appoint one for such debtor or debtors." It has been urged in this case, that nothing passed by the extent, because, under the circumstances, the sheriff had no authority to appoint an appraiser for the debtor ; that the statute gives to the sheriff such authority only, in case the debtor, upon due notice, neglect or refuse to appoint ; and that nothing can pass by an extent, unless the direction of the statute be strictly pursued. And the question is, whether, when the debtor cannot be found, the sheriff, in making an extent, is authorized to appoint an appraiser for the debtor ? If this question were now for the first time to be decided, the argument urged by the tenant's counsel would deserve the most deliberate consideration. But this is not the case. This question arose in the case of *Atherton vs. Stratton,* several years since, and it was decided solemnly, that in such a case the sheriff might appoint an appraiser for the debtor. *N. H. Justice* 298. We feel ourselves bound by that decision, and are of opinion, that there be

*Judgment on the verdict.*