## Jedidiah Cooper *et a. versus* Noah Bisbee *et al.*

Where an officer in his return of an extent of an execution upon land, stated that he commenced the extent within thirty days after judgment, but did not state the day when he commenced, it was held, that the return was not sufficient to show an extent within thirty days after judgment.

Where an officer in his return of an extent stated, that he chose two of the appraisers, the debtor not being within the state, nor within his knowledge, the return was held to be sufficient.

In such a case it is not necessary, that the return should state that one of the appraisers was chosen for the debtor.

*Margin note: Barnard et a. v. Edwards.*

Cooper et a. v. Bisbee et al.

Where there are several creditors, a return that one of them appointed an appraiser is sufficient.

The oath is to be administered to an appraiser in that form which he thinks will bind his conscience most.

THIS was a writ of entry, in which the demandants counted upon their own seizin of a tract of land in Richmond, and upon a disseizin by the tenants.

The cause was submitted to the decision of the court upon the following case.

Moses Guernsey being seized of the demanded premises, the tenants having sued out a writ against him, caused the same premises to be attached on the 4th May, 1818. And afterwards, on the same day, the demandants having also sued out a writ against Guernsey, caused the same premises to be attached. Judgment was rendered in favor of the tenants in their said suit against Guernsey in the court of common pleas, in this county, on the fourth Tuesday of September, 1818. Execution issued upon this judgment, and was delivered to a deputy of the sheriff, who, under the date of March 15, 1819, made a return that he had caused it to be extended upon the demanded premises, and at the bottom of his return upon the execution made the following certificate :—"I hereby certify that I levied this execution on the land of Moses Guernsey that was afterwards set off, within thirty days after judgment." D. W., *D. Sheriff.*

The demandants having also obtained judgment against Guernsey, on the 27th October, 1819, which was within thirty days after their judgment was rendered, caused their execution to be extended upon the demanded premises. The return of the extent was as follows :—

"Cheshire, ss. October 27, 1819. Personally appeared Benjamin Crooker and S. Atherton and made solemn oath, G. Harkness and made solemn affirmation that they would faithfully and impartially appraise such real estate, &c. Before me,

J. W., *Jus. Peace*"

"Cheshire, ss. October 27, 1819. Pursuant to the within precept, I have levied and extended this execution on a piece of land, &c. shown me by Jedidiah Cooper, the creditor, &c. in manner following, to wit; Benjamin Crooker was chosen and appointed appraiser by the said Jedidiah Cooper, the creditor, S. Atherton and G. Harkness were appointed and chosen appraisers on my part, the said Guernsey, the debtor, not being within this state, nor within my knowledge, all reputable freeholders and residents in said county, &c.

D. W., *D. Sheriff.*

(Then followed a certificate signed by all the appraisers, in which the land appraised was described, and the sum at which it was appraised stated.)

"And thereupon I have delivered possession and seizin, of the tract or parcel of land, appraised and described as aforesaid, to Jedidiah Cooper, the creditor, in part satisfaction, &c. D. W., *D. Sheriff.*"

*L. Chamberlain*, for the tenants.

We contend, that the attachment made by virtue of the writ which the tenants sued out against Guernsey, was not dissolved before this execution was extended upon the land. The officer returns, that he levied the execution upon the land, within thirty days after the judgment. The only difference between this case and the case of *Heywood* v. *Hildreth*, 9 Mass. Rep. 393, is, that there the return is dated within the thirty days after judgment. But it is manifest, that in that case the extent was not completed, so as to pass the land until the thirty days had passed, and the attachment was lost. In *Howard* v. *Daniels*, 2 N. H. Rep. 137, it is held, that where the extent alleges that the proceedings were commenced within thirty days after judgment, though some of them appear not to have been completed, till afterwards, yet they all relate back to the time, when they were first commenced. In that case, the appraisers were not sworn nor even appointed, until the thirty days had

elapsed. The only difference between that case and this, is, that there the officer returns the proceedings under a date, within the thirty days, although it is clear that they did not take place until afterwards; while here, the officer states truly, the date of the proceedings, and returns further, that he levied within thirty days after judgment.

But in this case, the demandants must show a title, before they can put the tenants upon proof of their title. The only title, on which they rely, depends upon the validity of their extent, and to that we object, 1st, That it does not appear by the return of the officer, that either of the appraisers was chosen by the debtor, or by the officer for him. The statute directs, that the sheriff shall cause three appraisers to be chosen, one by the creditor, or creditors, another by the debtor, or debtors, and the third by the sheriff. "*And in all cases*, where the debtor, on due notice, shall neglect or refuse to choose an appraiser, the officer shall appoint one for the debtor." In the return of this extent, the sheriff says, two of the appraisers were chosen on his part, the debtor not being within this state, nor within his knowledge. Perhaps, under the construction which the statute has received, a sufficient excuse is stated for omitting to notify the debtor, although if the strict letter of the statute were to be the guide, it is not perceived how any levy could be valid, without notice to the debtor.

But the objection to this part of the return, is, that it does not appear, that any appraiser was appointed for the debtor, which the statute makes essential. It is no answer to this objection, to say, that the return states that two of the appraisers were chosen by the officer; because he expressly states that they were both chosen on his part. As the statute makes it essential, that one of the appraisers should be chosen for the debtor, that fact ought to be distinctly stated.

2d, The judgment was rendered in favor of three creditors. But in the return of the extent, the appraiser is

stated to have been chosen by Cooper alone, and possession and seizin to have been delivered to him. For all that appears by the officer's return, the execution is still unsatisfied, as much so as if the land had been set off to a stranger. Cooper alone could have no right to the estate under that judgment. The statute declares, that an appraiser shall be chosen "by the creditor, or creditors," and that seizin and possession shall be delivered to "such creditor or creditors." The creditors may, it is true, appoint an attorney for this purpose. But that does not appear to have been done in this case. As it does not appear that two of the creditors took any part in, or any interest under, the extent, and as Cooper alone could take nothing, it would seem that nothing could have passed by the extent.

3d, It does not appear that all the appraisers were sworn, Harkness only *affirmed*. The statute makes it requisite, that the appraisers should be sworn, without which they are incompetent to act. There is no necessity, in this state, that there should be a departure from the letter of the statute, in this particular.

*Kimball*, for the demandant.

The opinion of the court was delivered by RICHARDSON, C. J.

One of the questions raised in this case, is, whether the tenants caused their execution to be extended upon the demanded premises, within thirty days after their judgment was rendered, so as to save to them the benefit of their attachment. The decision of this question, rests entirely upon the officer's return, in which is stated what may perhaps be construed as amounting in substance to this :—that he entered upon the land and commenced the extent, within thirty days after judgment. But the day, when he so entered, and commenced the extent, is not stated.

The duty of a sheriff, in making a return of an extent, is very plain and simple. He is only required to state

what he has done and where it is material, the day when he did it. In this case, all that was required in order to save the attachment made by the tenants, was, that the sheriff should state the day, within the thirty days when he commenced the extent, and then it would have distinctly appeared, whether the attachment was dissolved or not, when he commenced his operations. But, instead of returning the day when he commenced the extent, he only returns that he commenced it within thirty days after the judgment. Now, whether he in truth commenced the extent within the thirty days may depend altogether on the questions, whether the judgment was in law to be considered as rendered on the first or on the last, day of the term, and whether, in computing the thirty days, the day when the judgment was rendered was to be included in the computation. These are questions of law, that it is certainly possible the officer may not have decided correctly. Yet, if this return be legal his decision is final and conclusive. Besides, it is possible, that he made mistakes in computing the thirty days. But if this return is sufficient, those mistakes are beyond the reach of all correction. The sheriff's return that he commenced the extent within thirty days, puts all these matters at rest.

The law however is not so. It is a well settled rule, that the sheriff must state the facts particularly, that the court may see that the law has been his guide. A general return by a sheriff that he has done an act according to law has always been held insufficient, because he is not to judge of the law. So here, the return by the sheriff is insufficient, because he is not to judge of the commencement or of the end of the thirty days, nor to settle whether any particular day is within the time. It is his business to state the day when he commences his operations, and has nothing to do with the thirty days. *Goodwin* v. *Smith.*

We are therefore of opinion, that the return of the extent on which the tenants rely, does not shew that it was

commenced within the thirty days, and that they have lost the benefit of their prior attachment.

But several objections have been made on behalf of the tenants to the extent under which the demandants claim, and if these, or any of them, be well founded, the tenants will still be entitled to judgment.

In the first place, it is objected that the return does not state, that notice was giv en to the debtor to choose an appraiser, nor shew any sufficient reason, why notice was not given.

But the return states, that the debtor was not within the state, nor within the knowledge of the officer, which is tantamount to a statement that he had gone to parts unknown, which has been settled to be sufficient. *Parish* v. *Harriman* 3 N. H. Rep. 317.

It is further objected, that the return does not state, that the officer appointed an appraiser *for the debtor* as the statute requires. The words of the statute are, "and in all cases where the debtor shall, on due notice, neglect or refuse to choose an appraiser, the officer shall appoint one for such debtor." The meaning of this is only that when the debtor neglects or refuses the officer shall appoint *in his stead*. Here the return states, that the officer appointed two appraisers on his part, the debtor not being within his knowledge. This, in our opinion, is equivalent to stating that one was appointed for the debtor, and we think that the objection has no foundation in fact.

Another objection to this extent is, that it does not appear that all the creditors assented to it, one only appearing by the return to have acted. But this objection cannot prevail. By bringing this action and demanding the land all have adopted the extent. And although it is not stated in the return that the one, who acted, acted in behalf of all the creditors, yet from the relation in which he stood to them that must be intended. It has been held, that one of two judgment debtors may elect an appraiser to appraise lands belonging to both. 8 Mass.

Rep. 113, *Herring* v. *Polly.* And we entertain no doubt, that one of several judgment creditors may elect an appraiser to appraise land to satisfy a joint execution in their favor.

It is further objected, that this extent is not valid because one of the appraisers was not sworn. But the form of the oath to be taken by appraisers is not prescribed by the statute, and upon the principles of the common law no particular form is essential to an oath ; but as the purpose of it is to bind the conscience, every man of every religion should be bound by that form, which he himself thinks will bind his conscience most. Cowper, 389. We are therefore of opinion that this objection cannot prevail, and that there must be

*Judgment for the demandants.*